UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRUNILDA VALLECASTRO

    Plaintiff,

v.

TOBIN, MELIEN & MAROHN,
WILLIAM L. MAROHN *a natural person,*
JOSEPH M. TOBIN *a natural person,*
JACK KENDRICK *a natural person,*
KATHLEEN A. JOHNSON *a natural person,*
GABRIELA VIVIAN *a natural person*

    Defendant.

CASE NO.: 3:13cv1441 (SRU)

MOTION TO FILE FIRST AMENDED
COMPLAINT AND SUPPORTING
MEMORANDUM

NOVEMBER 6, 2013

## MOTION TO FILE FIRST AMENDED COMPLAINT AND SUPPORTING MEMORANDUM

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff Brunilda ValleCastro ("Plaintiff"), hereby respectfully submit this Memorandum in support of her Motion to File Amended Complaint.

### PROCEDURAL POSTURE

Plaintiffs filed suit on September 31, 2013, to end the unlawful practices regarding an alleged obligation owed or due to be owed pursuant to the Fair Debt Collections Practices Act 15 U.S.C. §1692 *et seq.* No party has been served as of date of this filing. And upon information and belief, no leave of court is necessary to properly file this Amended motion.

PLAINTIFF'S FIRST AMENDED COMPLAINT
- 26

Brunilda ValleCastro
66 Montowese St.
Hartford, CT 06114
+305.897.0449 phone

## SUMMARY OF ARGUMENT

Federal Rule of Civil Procedure 15(a) contemplates that a court will freely grant leave to file an amended complaint when the interests of justice so require. Granting this motion allows Plaintiffs to eliminate inapplicable claims and as such avoids wasting this Honorable Court's time.

In her original complaint, the Plaintiff made a claim under Connecticut's Creditor's Collection Practices Act Conn. Gen. Stat. §36a-647 ("CCPA"). Since the filing of the Original complaint, Plaintiff has learned that no Defendant was liable under said statute. As such, to engage this Honorable court so as to seek relief not permitted by law is improper.

Defendants will not suffer undue prejudice from the filing of Plaintiffs' Amended Complaint because: 1) they have not yet been served. 2) alleviates unnecessary research, pleadings and resources both to the defendants named herein and to the court.

## ARGUMENT

**I. Defendants Will Not Suffer Substantial Prejudice, and There Is No Other Reason Plaintiffs Should Not Be Given Leave to Amend**

The U.S. Supreme Court determined that "[i]n the absence of . . . undue delay, bad faith or dilatory motive . . . undue prejudice . . . futility of amendment, etc.--the leave sought should . . . be 'freely given.' " Foman v. Davis, 371 U.S. 178, 182 (1962). The Sixth Circuit applies a balancing test of these factors, which turns on substantial prejudice to the opposing party. See, e.g., Lawson v. Truck Drivers, Chauffeurs & Helpers, Local Union 100, 698 F.2d 250, 256 (6th Cir. 1983); Hageman v. Signal L.P. Gas, Inc., 486 F.2d 479, 484 (6th Cir. 1973). No such

PLANTIFF'S FIRST AMENDED COMPLAINT
- 27

Brunilda ValleCastro
66 Montowese St.
Hartford, CT 06114
+305.897.0449 phone

prejudice exists. The facts described in the Amended Complaint are strictly grounded on the Federal claim alleged in the Original Complaint.

Similarly, none of the other Foman factors are present. Plaintiff is submitting the Amended Complaint within the time allowed to amend pleadings. The Amended Complaint does not add any causes of action, but rather removes one and neither does it add any parties to this action.

## CONCLUSION

For the above reasons, Plaintiffs' Motion to File Amended Complaint should be granted.

Respectfully submitted,

*/s/ Brunilda VallCastro/*

PLANTIFF'S FIRST AMENDED COMPLAINT - 28

Brunilda ValleCastro
66 Montowese St.
Hartford, CT 06114
+305.897.0449 phone