UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUNILDA VALLECASTRO, | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | Case No. 3:13-CV-01441-SRU |
| V. | : | |
| | : | |
| TOBIN, MELIEN & MAROHN, ET ALS | : | |
| | : | February 3, 2014 |
| DEFENDANTS. | : | |
| | : | |

## ANSWER

The defendant, Tobin, Melien & Marohn ("TMM"), by and through the undersigned counsel, for its Answer to the Amended Complaint herein, hereby denies each and every averment, except as expressly stated below, as follows:

1.      Admits that plaintiff purports to sue the named defendants under the FDCPA, denies liability thereunder and otherwise denies the allegations of this Paragraph 1.

2.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 2 and therefore leaves the plaintiff to her proof.

3.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 3 and therefore leaves the plaintiff to her proof.

4.      Admits that plaintiff is a natural person and otherwise denies knowledge or information as to the truth of the remaining allegations of this Paragraph 4, and therefore leaves the plaintiff to her proof.

5.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 5 and therefore leaves the plaintiff to her proof.

6.      Admits that TMM sometimes acts as debt collector, but denies knowledge or information as to whether it so acted with respect to the plaintiff, and therefore leaves the plaintiff to her proof.

7.      Admits.

8.      Admits that TOBIN sometimes acts as a debt collector, but denies knowledge or information as to the truth of the allegation that he so acted with respect to the plaintiff, and therefore leaves the plaintiff to her proof.

9.      Admits that MAROHN sometimes acts as a debt collector, but denies knowledge or information as to the truth of the allegation that he so acted with respect to the plaintiff, and therefore leaves the plaintiff to her proof.

10.     Denies.

11.     Denies.

12.     Denies.

13.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 13 and therefore leaves the plaintiff to her proof.

14.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 14 and therefore leaves the plaintiff to her proof.

15.     This paragraph sets forth a mere conclusion of law that does not require a response.  To the extent a response is required, denies that this paragraph correctly or completely sets forth governing law.

16.     Defendant denies as stated and refers to the FDCPA for the content thereof.

17.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 17 and therefore leaves the plaintiff to her proof.

18.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 18 and therefore leaves the plaintiff to her proof.

19.     Admits that the defendants MAROHN and TOBIN are attorneys and officers of the legal system, deny as stated as to the content of The Connecticut Practice Book, refers to the Rules of the Superior Court for the content thereof, and otherwise denies the allegations of this Paragraph 19.

20.     This paragraph sets forth a mere conclusion of law that does not require a response.  To the extent a response is required, denies that this paragraph correctly or completely sets forth governing law.

21.     Denies.

22.     Denies.

23.     Admits that JOHNSON is an employee of TMM and otherwise denies the allegations of this Paragraph 23.

24.     Denies.

25.     Denies.

26.     Denies.

27.     Denies.

28.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 28 and therefore leaves the plaintiff to her proof.

29.     Denies as stated and refers to the letter referenced herein for the content thereof.

30.     Denies as stated and refers to the letter referenced herein for the content thereof.

31.     Denies as stated and refers to the letter referenced herein for the content thereof.

32.     Denies as stated and refers to the letter referenced herein for the content thereof.

33.     Denies as stated and refers to the letter referenced herein for the content thereof.

34.     Denies as stated and refers to the letter referenced herein for the content thereof.

35.     Denies as stated and refers to the letter referenced herein for the content thereof.

36.     Denies as stated and refers to the letter referenced herein for the content thereof.

37.     Denies

38.    Denies

39.    Denies.

40.    Denies.

41.    Denies.

42.    Denies.

43.    Denies.

44.    Denies.

45.    Denies.

46.    Denies.

47.    Denies.

48.    Denies.

49.    Admits.

50.    Denies as stated and refers to the letter referenced herein for the content thereof.

51.    Denies as stated and refers to the letter referenced herein for the content thereof.

52.    Denies as stated and refers to the letter referenced herein for the content thereof.

53.    Denies.

54.    Admits, and refers to the letter referenced herein for the content thereof.

55.    Denies as stated and refers to the letter referenced herein for the content thereof.

56.     Denies as stated and refers to the affidavit referenced herein for the content thereof.

57.     Denies as stated and refers to the letter for the content thereof.

58.     Admits that the affidavit was notarized by Gabriela Vivian, a Notary Public from Maricopa County, Arizona and otherwise denies the allegations of this Paragraph 58.

59.     Denies as stated and refers to the letter referenced herein for the content thereof.

60.     Denies.

61.     Denies.

62.     Denies.

63.     Denies.

64.     Denies.

65.     Denies.

66.     Denies.

67.     Denies.

68.     Denies.

69.     Denies.

70.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 70 and therefore leaves the plaintiff to her proof.

71.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 71 and therefore leaves the plaintiff to her proof.

72.     Denies.

73.     Denies.

74.     Admits, and refers to the letter for the content thereof.

75.     Denies as stated and refers to the letter for the content thereof.

76.     Denies as stated and refers to the letter for the content thereof.

77.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 77 and therefore leaves the plaintiff to her proof.

78.     Denies

79.     Admits that a marshal delivered to plaintiff a copy of a Civil Summons, among other papers, on or after August 22, 2013.

80.     Denied as stated and refers to the letter for the content thereof.

81.     Denies as stated and refers to the letter for the content thereof.

82.     Denies as stated and refers to the letter for the content thereof.

83.     Denies as stated and refers to the letter for the content thereof.

84.     Admits that the Summons and Complaints was accompanied by a letter and otherwise denies as stated and refers to the letter for the content thereof.

85.     Denies as stated and refers to the letter for the content thereof.

86.     Denies as stated and refers to the letter for the content thereof.

87.     Denies.

88.    Denies.

89.    Denies.

90.    Denies as stated and refers to the letter for the content thereof.

91.    Denies.

92.    Denies.

93.    Denies.

94.    Denies.

95.    Denies.

96.    Denies.

97.    Denies.

98.    Denies.

99.    Admits that the filing date of the underlying Superior Court action, as reflected in the case detail published by the Judicial Branch, is September 9, 2013.

100.   Denies.

101.   [omitted]

102.   Admits.

103.   Denies as stated and refers to the content of the website for the content thereof.

104.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 104 and therefore leaves the plaintiff to her proof.

105.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 105 and therefore leaves the plaintiff to her proof.

106.    Denies.

107.    Denies.

108.    Denies.

109.    Denies.

110.    This paragraph sets forth a mere conclusion of law that does not require a response.  To the extent a response is required, denies that this paragraph correctly or completely sets forth governing law.

111.    This paragraph sets forth a mere conclusion of law that does not require a response.  To the extent a response is required, denies that this paragraph correctly or completely sets forth governing law.

112.    This paragraph sets forth a mere conclusion of law that does not require a response.  To the extent a response is required, denies that this paragraph correctly or completely sets forth governing law.

113.    Denies.

114.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 114 and therefore leaves the plaintiff to her proof.

115.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 115 and therefore leaves the plaintiff to her proof.

116.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 116 and therefore leaves the plaintiff to her proof.

117.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 117 and therefore leaves the plaintiff to her proof.

118.    Denies.

119.    Denies.

120.    Denies.

121.    Denies.

122.    Defendant repeats and re-alleges the answers to Paragraph 1 through 121 of the Complaint as its answer to this Paragraph 122 as though fully set forth herein.


**First Affirmative Defense**

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.


**Second Affirmative Defense**

Plaintiff's claims are barred to the extent that any violation of the Fair Debt Collection Practices Act by defendant, which defendant denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## **Third Affirmative Defense**

Plaintiff's claims should be dismissed, in whole or in part, due to the Rooker-Feldman doctrine.

DEFENDANT
TOBIN MELIEN & MAROHN

By: _____/s/_____
    Jonathan D. Elliot

    Zeldes, Needle & Cooper, P.C.
    1000 Lafayette Blvd., Suite 500
    Bridgeport, CT 06604
    Tel: 203-333-9441
    Fax: 203-333-1489
    Email: jelliot@znclaw.com

Their Attorney

11

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 3, 2014, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.  A copy was also mailed, by first-class mail, postage prepaid, to:

Brunilda Vallecastro
66 Montowese Street
Hartford, CT 06114


_____/s/_____
Jonathan D. Elliot