UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRUNILDA VALLECASTRO,
    Plaintiff,

v.     No. 3:13-cv-1441 (SRU)

TOBIN, MELIEN & MAROHN, et al.,
    Defendants.

## RULING AND ORDER

*Pro se* plaintiff Brunilda ValleCastro timely filed her complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and the Creditors' Collection Practices Act ("CCPA"), Conn. Gen. Stat. §§ 36a-645, *et seq.*, against defendants William Marohn, Joseph Tobin, Jack Kendrick, Kathleen Johnson, Gabriela Vivian, and Tobin Melien & Marohn ("TMM"). ValleCastro requested that I take judicial notice of a state-court lawsuit to collect on the debt at issue in this case (doc. 15) and that I strike TMM's bona fide error and *Rooker-Feldman* defenses (doc. 25). Defendants Kendrick and Vivian then moved to dismiss ValleCastro's complaint for failure to state a claim upon which relief can be granted (doc. 26). ValleCastro responded to the motion to dismiss and additionally moved to amend her complaint (doc. 47) to cure the deficiencies identified in the defendants' motion to dismiss.

For the following reasons, Vivian's motion to dismiss (doc. 26) is granted with prejudice, and Kendrick's motion to dismiss (doc. 26) is GRANTED without prejudice to ValleCastro amending her complaint. ValleCastro's Motion for Judicial Notice (doc. 15) is GRANTED, her Motion to Strike (doc. 25) is GRANTED IN PART AND DENIED IN PART, and her Motion for a More Definite Statement (doc. 25) is DENIED. ValleCastro's Motion to Amend (doc. 47) is GRANTED, and she shall file an amended complaint consistent with this ruling no later than January 31, 2015.

**I.      Standard of Review**

Where one party proceeds *pro se*, the court reads that party's pleadings liberally and interprets them "to raise the strongest arguments that they suggest." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Despite this obligation, a complaint must include sufficient factual allegations that, "accepted as true, [ ] state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and decide whether it is plausible that the plaintiff has a valid claim for relief. *Iqbal*, 556 U.S. at 678–79; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The plausibility standard set forth in *Twombly* and *Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through

more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (quotation marks omitted). *Plausibility* at the pleading stage is nonetheless distinct from *probability*, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (quotation marks omitted).

**II.   Background**

ValleCastro brings her complaint against defendants William Marohn, Joseph Tobin, Jack Kendrick, Kathleen Johnson, Gabriela Vivian, and Tobin Melien & Marohn, alleging violations of the FDCPA's requirements regarding harassment/abuse, 15 U.S.C. § 1692d; false/misleading representations, 15 U.S.C. § 1692e; unfair practices, 15 U.S.C. § 1692f; validation of debts, 15 U.S.C. § 1692g; and furnishing deceptive forms, 15 U.S.C. § 1692j; as well as corresponding violations of the CCPA.  Compl. ¶¶ 48, 73, 97, 101 (doc. 1).  The debt at issue is owned by GE Capital Retail Bank and serviced by Green Tree Servicing, LLC ("Green Tree").  Defs.' Mot. Dismiss Br. 2, Ex. A (Promissory Note), Ex. C (Federal Deposit Insurance Corporation's Bank History).  TMM is a law firm engaged in debt collection, and Marohn, Tobin, and Johnson are attorneys at that firm.  Compl. ¶¶ 22–23, 27.  Kendrick was an employee at Green Tree, the loan servicer for ValleCastro's debt.  Defs.' Mot. Dismiss Br. 2.  Vivian is a notary public.  Compl. ¶ 58, 70, Ex. F.

On May 2, 2013, TMM sent ValleCastro a dunning letter addressed to "Castro Brunilda Valle" regarding an outstanding debt owed to creditor GE Capital Retail Bank, identified itself as a debt collector and complied with the form obligations of 15 U.S.C. § 1692g(a).  Compl., Ex. A; *see also Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996) (notice must include "the

amount of the debt, the name of the creditor, a statement that the debt's validity will be assumed unless disputed by the consumer within 30 days, and an offer to verify the debt and provide the name and address of the original creditor, if the consumer so requests.").  On May 13, 2013, ValleCastro disputed the validity of the debt in its entirety and requested a validation pursuant to 15 U.S.C. § 1692g(b).  Compl., Ex. B.  On June 14, 2013, TMM submitted a letter providing the name and address of the original creditor and attached an affidavit by Kendrick, on behalf of GE Capital Retail Bank, as validation of the debt.  Compl., Ex. C.  On July 3, 2013, ValleCastro submitted a letter contesting the affidavit as insufficient to verify the debt and requested an accounting, a "ledger of the alleged obligation including . . . paying history, arrears, interest, etc." and the original account number of the disputed debt.  Compl., Ex. D.  Sometime between August 22 and September 9, 2013, TMM served ValleCastro with a summons and copy of a complaint filed in state court for default on the promissory note that created the debt in dispute. Compl., Ex. E.  ValleCastro then filed this lawsuit.

### III.  Discussion

   A.  <u>Kendrick and Vivian's Motion to Dismiss</u> (doc. 26)

      ValleCastro does not differentiate between her claims against TMM and its attorneys and her claims against Kendrick and Vivian, but she generally alleges that Kendrick and Vivian were engaged in "collection activities" within the meaning of the FDCPA.  Pl.'s Opp'n Br. 3–4 (doc. 33).  A liberal interpretation of ValleCastro's pleadings is that she seeks to recover from all defendants under each FDCPA subsection identified in her complaint and any parallel provisions of the CCPA.

1. *ValleCastro's Claims Under the FDCPA*

    a. Claims Related to 15 U.S.C. Sections 1692d, 1692f, and 1692g

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The same provision exempts from that definition officers/employees of a creditor who seek to collect the debt in the creditor's name for the creditor. Section 1692a(6) also exempts "any person collecting or attempting to collect any debt owed or due . . . to the extent such activity . . . concerns a debt which was originated by such person; [or] concerns a debt which was not in default at the time it was obtained by such person" from the FDCPA's definition of a debt collector.

District courts in the Second Circuit have interpreted section 1692a(6) to exclude originating creditors and their assignees, as well as loan servicers who obtain a debt prior to default, from the definition of an FDCPA debt collector. *See Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 94–95 (E.D.N.Y. 2013); *Kapsis v. Am. Home Mortg. Servicing Inc.*, 923 F. Supp. 2d 430, 442 (E.D.N.Y. 2013); *Thomas v. JPMorgan Chase & Co.*, 811 F. Supp. 2d 781, 801–02 (S.D.N.Y. 2011); *Cyphers v. Litton Loan Servicing, LLP*, 503 F. Supp. 2d 547, 552 (N.D.N.Y. 2007). When a loan servicer obtains an account prior to its default, that loan servicer operates as a creditor, not a debt collector, for the purposes of the FDCPA.

Kendrick argues that in providing TMM an affidavit in response to ValleCastro's request for validation, he acted on behalf of GE Capital Retail Bank as its agent, or, in the alternative, as an employee of the co-originating creditor, Green Tree. Defs.' Mot. Dismiss Br. 6–8. ValleCastro alleges that Kendrick misrepresented his relationship to GE Capital Retail Bank in

his sworn affidavit, arguing he is not an agent of the Bank, but rather, an employee of Green Tree.  Compl. ¶ 64, Ex. G; Pl.'s Opp'n Br. 3–4.  ValleCastro further alleges that because Green Tree has registered as a collection company in Connecticut and Arizona, those registrations establish that Green Tree is a debt collector, not a loan servicer.  Pl.'s Opp'n Br. 3–4.  ValleCastro does not assert that Green Tree became a loan servicer after the disputed debt entered default, nor does she allege that Green Tree's primary activities involve debt collection.

Accepting ValleCastro's assertions as true for the purposes of the motion to dismiss, she has not pleaded sufficient facts to classify Kendrick as a debt collector within the meaning of the FDCPA.  A loan servicer may act as a creditor in certain situations and a debt collector in others.  The fact that a loan servicer has also registered as a collection agency does not provide sufficient information to determine Green Tree's role in this case, nor does it clarify if Green Tree's primary business activities involve loan servicing, collection on debts it originated as a creditor, or debt collection on behalf of a third-party.  ValleCastro has not pleaded sufficient facts to plausibly submit that Kendrick and Green Tree are debt collectors within the meaning of the FDCPA.  Accordingly, ValleCastro's allegations that Kendrick violated 15 U.S.C. sections 1692d, 1692f, and 1692g are dismissed without prejudice.

Similarly, although ValleCastro alleges Vivian has business ties to Green Tree, Compl. ¶ 70 and Ex. G, that allegation is insufficient to classify Vivian as a debt collector.  Notary publics, like process servers, give legal effect to documents exchanged prior to and during litigation.  The only case I have found in which a notary public was held liable under the FDCPA involved a notary who, in concert with process servers, failed to serve plaintiffs with process and then filed false affidavits of service with the state court.  *Sanchez v. Abderrahman*, No. 10-cv-3641 (CBA), 2014 WL 1276570, at *1 (E.D.N.Y. Mar. 25, 2014).

ValleCastro does not allege that Vivian engaged in such malfeasance; instead, she alleges that "Vivian has acted with volition in an attempt to attain a judgment or otherwise mislead Plaintiff as to the character, amount and/or legal status of the alleged obligation by affixing a notary stamp on an instrument she knew or should have known to be false."  Compl. ¶ 72.  ValleCastro has not pleaded any facts alleging that Kendrick's affidavit was materially false or that Vivian knew or should have known that its contents were inaccurate.  Insofar as its contents may have been inaccurate, those inaccuracies cannot be imputed to Vivian based on the pleadings.  ValleCastro has not pleaded any facts that would allow a court to classify Vivian as a debt collector within the meaning of the FDCPA.  Accordingly, ValleCastro's allegations that Vivian violated 15 U.S.C. sections 1692d, 1692f, and 1692g are dismissed.

      b.  Claims Related to 15 U.S.C. Sections 1692e and 1692j

ValleCastro contends that even if Kendrick and Vivian are not classified as debt collectors, they are subject to liability for making false or misleading representations in violation of 15 U.S.C. section 1692e and for furnishing deceptive forms in violation of 15 U.S.C. section 1692j.

Section 1692e provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and describes a non-exhaustive list of proscribed debt collection practices, including "the false representation or implication that any individual is an attorney or that any communication is from an attorney."  A creditor can only be held liable under this section if, in the process of collecting its own debts, it "use[d] any name other than [its] own" in an effort to imply that a third party was attempting to collect those debts.  *Vincent v. The Money Store*, 736 F.3d 88, 96–97 (2d Cir. 2013) (quoting 15 U.S.C. § 1692a(6)).  As noted above, neither Kendrick nor Vivian is a debt collector, and

ValleCastro has not pleaded any facts that would indicate that Kendrick acted as a creditor under a false name.  Here, section 1692e cannot apply to either Kendrick or Vivian when TMM, a clearly-identified debt collector, seeks to collect a debt on behalf of the creditor.  Accordingly, this cause of action is dismissed against Kendrick and Vivian.

ValleCastro's remaining theory of liability, section 1692j, provides, "it is unlawful to design, compile, and furnish any form" knowing that a creditor will use that form falsely to persuade a consumer that a third party is attempting to collect the debt owed to the creditor, and it extends FDCPA liability to anyone who violates that provision.  Section 1692j seeks to eliminate "flat-rating," a practice in which a creditor seeks to intimidate the debtor by falsely implying that a debt collector is involved in collection efforts.  *Vincent*, 736 at 97 n.6 (citing with approval *Nielsen v. Dickerson*, 307 F.3d 623, 639 (7th Cir. 2002)); *Franceschi v. Mautner-Glick Corp.*, 22 F. Supp. 2d 250, 256 (S.D.N.Y. 1998).  A creditor may engage in flat-rating either by sending dunning letters under a false name or by buying the letterhead of a third party, such as a collection agency, so that the creditor can portray itself as a debt collector.  *Forman v. Acad. Collection Serv., Inc.*, 388 F. Supp. 2d 199, 202 (S.D.N.Y. 2005).  ValleCastro has not pleaded any facts indicating that Kendrick or Vivian engaged in flat-rating.  Indeed, the presence of TMM and its attorneys as self-identified debt collectors necessarily relieves the creditors in this action from liability under section 1692j.

Because ValleCastro has not pleaded facts sufficient to classify Kendrick and Vivian as debt collectors, and because she has not pleaded facts giving rise to the "false name exception" for creditor liability under the FDCPA, she has failed to state a claim upon which relief can be granted under the FDCPA.  Because it is not plausible that Vivian had any substantive role in the debt collection, all FDCPA allegations against Vivian are dismissed with prejudice; all FDCPA

allegations against Kendrick are dismissed without prejudice to ValleCastro amending her complaint.

    2.  *ValleCastro's Claims Under the CCPA*

The CCPA's terms are substantially parallel to the FDCPA, except the CCPA governs the collection practices of creditors, not debt collectors.  *Krutchkoff v. Fleet Bank, N.A.*, 960 F. Supp. 541, 548 (D. Conn. 1996), *superseded in part by statute*, Conn. Gen. Stat. § 36a-648 (creating a private right of action), *as recognized by Dina v. Cuda & Assocs.*, 950 F. Supp. 2d 396, 406–07 (D. Conn. 2013); *Heim v. Cal. Fed. Bank*, 78 Conn. App. 351, 374 n.31, *cert. denied*, 266 Conn. 911 (2003).

ValleCastro has made no allegations against the defendants as creditors; instead, she focuses on Kendrick and Vivian's liability as debt collectors.  The CCPA provides, "No *creditor* shall use any abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect any debt."  Conn. Gen. Stat. § 36a-646 (emphasis added).  It defines a creditor as "any person to whom a debt is owed by a consumer . . . from a transaction occurring in the ordinary course of such person's business, or any person to whom such debt is assigned.  'Creditor' shall not include a consumer collection agency."  Conn. Gen. Stat. § 36a-645(2).  ValleCastro has not pleaded facts alleging that Kendrick and Vivian are creditors or representatives of creditors, nor is it plausible that they are creditors.  Accordingly, no liability can attach against Kendrick or Vivian under the CCPA, and any CCPA claims against those defendants are dismissed with prejudice.

    B.  <u>ValleCastro's Motion for Judicial Notice</u> (doc. 15)

Federal Rule of Evidence 201 allows a court to take notice of a "fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial

jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id.* at 201(c). A request may be taken "at any stage of the proceeding," and upon a timely request, the court must allow the parties "to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed." *Id.* at 201(d)–(e). Because a request may be taken "at any stage of the proceeding," district courts have utilized judicial notice at the motion to dismiss and summary judgment stages. *Id.* at 201(f); *Singleton v. N.Y.C.*, 632 F.2d 185, 204 (2d Cir. 1980) (Weinstein, D.J., dissenting); *Bulova Watch Co., Inc. v. K. Hattori & Co., Ltd.*, 508 F. Supp. 1322, 1328 (E.D.N.Y. 1981) (gathering cases); *United States* ex rel. *McLaughlin v. N.Y.*, 356 F. Supp. 988, 990 (E.D.N.Y. 1973).

ValleCastro requests that this court take notice of a complaint, motion for default judgment, and default judgment entered against her in Connecticut Superior Court. Pl.'s Mot. Judicial Notice 1; *see generally GE Capital Retail Bank v. Castro Brunilda Valle*, No. HHD-CV-13-6045011-S (Conn. Super. Ct.), *available at* http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=HHDCV136045011S (last visited Dec. 15, 2014). The defendants opposed that motion and requested that I deny ValleCastro's motion without prejudice to refiling at a later date, arguing that judicial notice was premature prior to a Rule 26(f) conference. Defendants Kendrick and Vivian later attached the same documentation to their motion to dismiss. Defs.' Mot. Dismiss, Ex. H–K (docs. 26-8–26-11).

The fact that a lawsuit has been initiated in a state court within the same territorial jurisdiction as a district court, and the filings and orders in that state court case, can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned—here, the

electronic docket for the State of Connecticut's Judicial Branch.  Further, because the defendants have also introduced documentation of the state court proceeding in their pleadings, presumably they have withdrawn their opposition to ValleCastro's motion.  Accordingly, I grant ValleCastro's Motion for Judicial Notice (doc. 15).

C. <u>ValleCastro's Motion to Strike TMM's Affirmative Defenses, or in the Alternative, for a More Definite Statement</u> (doc. 25)

Defendant TMM asserts three affirmative defenses in its Answer (doc. 20): that (1) ValleCastro has failed to state a claim upon which relief may be granted; (2) any violation of the FDCPA was not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any error; and (3) ValleCastro's claims are barred by the *Rooker-Feldman* doctrine.  ValleCastro moves to strike TMM's second and third affirmative defenses pursuant to Rule 12(f).

Although Rule 12(f) allows either party to strike "any insufficient defense or any . . . immaterial or impertinent allegations" from a pleading, motions to strike affirmative defenses are generally disfavored.  *Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds*, 478 U.S. 1015 (1986); *see also New England Health Care Emps. Welfare Fund v. iCare Mgmt., LLC*, 792 F. Supp. 2d 269, 288 (D. Conn. 2011) (citing 5C Charles A. Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 1381 (3d ed. 2004)).  To prevail on a motion to strike an affirmative defense, ValleCastro "must establish that: (1) there is no question of fact that might allow the defense to succeed; (2) there is no substantial question of law that might allow the defense to succeed; and (3) [she] would be prejudiced by the inclusion of the defense."  *New England Health Care Emps. Welfare Fund*, 792 F. Supp. 2d at 288.

District courts in the Second Circuit have split on whether to apply the heightened *Twombly* and *Iqbal* pleading standard to affirmative defenses. District judges within the District of Connecticut have held that application of that standard to affirmative defenses is inconsistent with the position that motions to strike affirmative defenses are generally disfavored. *Compare Vale v. City of New Haven Police Dept.*, No. 3:11-cv-632 (CSH), 2013 WL 5532133, at *2 (D. Conn. Oct. 4, 2013); *Whitserve, LLC v. GoDaddy.com, Inc.*, No. 3:11-cv-948 (JCH), 2011 WL 5825712, at *2 (D. Conn. Nov. 17, 2011); *Aros v. United Rentals, Inc.*, No. 3:10-cv-73 (JCH), 2011 WL 5238829, at *1 (D. Conn. Oct. 31, 2011); *with Equal Emp't Opportunity Comm'n v. Kelley Drye & Warren, LLP*, No. 10-cv-655 (LTS), 2011 WL 3163443, at *2 (S.D.N.Y. July 25, 2011); *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d. 620, 622 (S.D.N.Y. 2008); *Godson v. Eltman, Eltman & Cooper, P.C.*, 285 F.R.D. 255, 259 (W.D.N.Y. 2012). The Second Circuit has not ruled which approach should apply to affirmative defenses. I apply the law governing pleading affirmative defenses within this district, which declines to impose a heightened pleading standard and evaluates motions to strike under the three factors set forth in *New England Health Care Employees Welfare Fund*, 792 F. Supp. 2d at 788.

1. *Bona Fide Error Defense*

Although the FDCPA is a "strict liability statute," *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010), a debt collector may plead "bona fide error" as an affirmative defense. 15 U.S.C. § 1692l(c). To raise a bona fide error defense, the defendant must prove by a preponderance of the evidence: "(1) the presumed FDCPA violation was not intentional; (2) the presumed FDCPA violation resulted from a bona fide error; and (3) that [the defendant] maintained procedures reasonably adapted to avoid any such error." *Cerrato v. Solomon &*

*Solomon*, 909 F. Supp. 2d 139, 147 (D. Conn. 2012) (citing *Kort v. Diversified Collection Servs.*, 394 F.3d 530, 537 (7th Cir. 2005)).

ValleCastro challenges the sufficiency of TMM's pleadings, arguing that "if the bona fide error defense is to have any meaning in this context, then pleading 'procedures reasonably adapted to avoid any such error' must require more than a mere conclusory assertion to that effect" and goes on to describe the kind of evidence required to prevail on such a defense. Pl.'s Mot. to Strike Br. 10. That language borrows from *Reichert v. National Credit Systems, Inc.*, 531 F.3d 1002, 1006–07 (9th Cir. 2008), a case in which the Ninth Circuit affirmed the district court's summary judgment ruling that the defendant had failed to meet its evidentiary burden in support of its affirmative defense. ValleCastro does not allege that there is no question of fact that might allow the defense to succeed, she does not contest that a substantial question of law exists that might allow the defense to succeed, and although she asserts that she may be prejudiced if TMM is allowed to employ a bona fide error defense, she does not articulate how she would be prejudiced. TMM has met its obligation to "affirmatively state any . . . affirmative defense" upon which it intends to rely with respect to its bona fide error defense, and ValleCastro has not articulated a basis for striking that defense. Fed. R. Civ. Pro. 8(c). Accordingly, ValleCastro's request to strike TMM's second affirmative defense is denied.

2. Rooker-Feldman *Defense*

The *Rooker-Feldman* doctrine denies federal courts other than the U.S. Supreme Court subject matter jurisdiction over claims that effectively challenge state court judgments. *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) (citing *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 486–87 (1983); and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923)). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-

court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

> *Rooker-Feldman* directs federal courts to abstain from considering claims where four requirements are met: (1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced.

*McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010).

TMM initiated its state court lawsuit on behalf of GE Capital Retail Bank on September 9, 2013. Compl., Ex. E; Defs.' Mot. Dismiss, Ex. I (doc. 26-9). ValleCastro filed her complaint in federal court on September 30, 2013. TMM filed its motion for default judgment in the state court case on November 8, 2013, Defs.' Mot. Dismiss, Ex. J (doc. 26-10), and that motion was granted on November 18, 2013, *id.* at Ex. K (doc. 26-11). Although ValleCastro's federal claims are intertwined with the state court case, see *Kropelnicki*, 290 F.3d at 128–29, state court judgment did not enter in her case prior to the commencement of her federal district court lawsuit.

In its opposition, TMM offers to amend its Answer to withdraw its *Rooker-Feldman* defense "without prejudice to its renewal when and if appropriate." Because there are no facts under which a *Rooker-Feldman* defense could prevail in this action, ValleCastro's request to strike TMM's third affirmative defense is granted. If TMM intends to raise a defense related to lack of subject matter jurisdiction, it may do so at any time pursuant to Rule 12(h)(3).

    3.  *Motion, in the Alternative, for a More Definite Statement*

In the event that her request to strike is denied, ValleCastro moves for a definite statement pursuant to Rule 12(e). Rule 12(e) allows a party to "move for a more definite

statement of a pleading to which a responsive pleading is allowed." A party may not file a responsive pleading to an answer unless the district court orders that party to respond. Fed. R. Civ. Pro. 7(a)(7). When a defendant pleads an affirmative defense in its answer and the court has not ordered a party to respond to that answer, that defendant's affirmative defenses are taken up in the course of litigation. I have not ordered ValleCastro to file a reply to TMM's Answer, and accordingly, her motion for a more definite statement is denied.

D. ValleCastro's Motion to Amend Her Complaint (doc. 47)

Rule 15(a)(2) of the Federal Rules of Civil Procedure maintains that a district judge should grant leave to amend freely "when justice so requires." The Second Circuit has also advised that *pro se* complaints should not be dismissed "without granting [the *pro se* party] leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal citations and alteration omitted). Providing *pro se* parties with leave to amend their complaints is especially encouraged at the motion to dismiss stage. *See Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991).

ValleCastro's proposed amended complaint fails to cure the defects identified in this order. Nevertheless, when construed liberally, her complaint indicates that she may have a valid and plausible claim for relief. Therefore, ValleCastro's motion to amend her complaint is GRANTED, and she shall file an amended complaint consistent with this ruling and order no later than January 31, 2015.

## IV. Conclusion

Defendant Vivian's motion to dismiss ValleCastro's claims against her is granted with prejudice. Kendrick's motion to dismiss ValleCastro's CCPA claims are granted with prejudice, and ValleCastro's FDCPA claims against him are dismissed without prejudice to ValleCastro amending her complaint. ValleCastro's FDCPA claims survive against TMM, Marohn, Tobin, and Johnson. ValleCastro's Motion for Judicial Notice (doc. 15) is granted, her Motion to Strike (doc. 25) is granted in part and denied in part, and her Motion for a More Definite Statement (doc. 25) is denied. ValleCastro's Motion to Amend her complaint is granted, and she shall file an amended complaint consistent with this ruling by January 31, 2015.

It is so ordered.

Dated at Bridgeport, Connecticut, this 16th day of December 2014.

                /s/ STEFAN R. UNDERHILL
               Stefan R. Underhill
               United States District Judge