UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUNILDA VALLECASTRO, et al. | CASE NO: 3:13-cv-1441 (SRU) |
| v. | PLAINTIFFS' MEMORANDUM IN OPPOSITION TO GREEN TREE, NATIONAL BEAR HILL TRUST AND JACK KENDRICK'S MOTION TO DISMISS |
| TOBIN, MELIEN & MAROHN., et al. | |
| Defendant(s). | APRIL 20th 2015 |

*For Our Cause Plaintiffs Affirm,*

## I. NOTICE

**1.1  Authority.** The Consumer Financial Protection Bureau ("CFPB") has significant regulatory and enforcement authority with respect to the Fair Debt Collection Practices Act ("FDCPA") granting them authority to prescribe rules with respect to the collection of debts by debt collectors-a power no agency previously had. *15 U.S.C. § 1692l(d).* Concurrently, the FDCPA is primarily self enforcing by consumers through private Attorney general mechanism.[1]

**1.2  Concerns.** There exists a proliferation of documents as attached exhibits on the record. The consumers have verified theirs by way of affidavits. **The defendants have not.** Without a specific party to authenticate a document we cannot determine the source of it trustworthiness. We do not trust the defendants. To the extent that we cite said attachments only serves to show the contradictions in them and further establishes the merit of the Consumers claim[s]. Moreover, this proliferation risks converting the defendants motions into one for summary-judgment.

---

[1] *West v. Costen, 558 F.Supp.* 564 (W.D.Va. 1983) ("The FDCPA..is 'primarily self-enforcing...through private causes of action.") "The committee views this legislation as primarily self-enforcing; consumers who have been subjected to collection abuses will be enforcing compliance" Senate Report No. 95-382, at 5 (Aug.2, 1977), reprinted in 1977 U.S.C.C. & A.N. 1695, 1699

PLAINTIFFS' MEMORANDUM IN OPPOSITION - 1

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

## II. FACTUAL HISTORY

**2.1** In <u>May 2nd 2013</u> ValleCastro was dunned by the collection firm Tobien, Melien and Marohn ("TMM") who alleged to be advancing a claim in favor of and/or having been retained by GE Capital Retail Bank ("GECRB"). ValleCasto made a disclosure request ("VoD") to TMM and in return received an "affidavit" by an unknown party identifying himself as Jack Kendrick ("Kendrick") "officer/agent" of GECRB. Later in <u>December 18th 2013,</u> ValleCastro receives a notice that the same alleged debt-- the subject of two legal proceedings, is now owned by a transfer to a "new creditor" National Bear Hills Trust ("NBHT") to which ValleCastro is instructed, by their debt collector Green Tree Servicing, LLC., ("GT") to make payments. ValleCastro is confused by this development. One payment demand [TMM-GECRB] is presumable unsecured [judicial] as evidenced in their communications and the other [GT-NBHT] is presumable secured [non-judicial]. Green Tree ("GT") is the source of information for both "creditors" and presumably is debt collector for both.

**2.2** Matters are further complicated by the fact that almost a year prior to Kendrick's AoI, on <u>August 22nd 2012,</u> GT featured themselves as "creditor" and *their* debt collector was Landmark Asset Acceptance ("LARM"). At all times material, GT maintains that through their employee Kendrick, they can have an exemption from FDCPA liability because he is an *officer* for purpose of FDCPA *§1692(a)(6)(A);* a agent of the original creditor for purpose of FDCPA *§1692(a)(6)(F)(ii)* and he [Kendrick] can maintain GT as an "agent or the original creditor" in perpetuity at FDCPA *§1692(a)(6)(F)(iii)*.

**2.3** Nonetheless, in <u>July of 2014,</u> thanks to the CFPB, Valle was able to speak at length directly with GECRB who expressed their sincere apologize and otherwise directed Valle that no payment was due and owing to them and to try contacting GT to clear matters up.[2] This development is clearly laid out in Consumers **verified** exhibits attached to the amended Complaint. Nonetheless -

---

[2] Since said July 2014 date, GT has come clean and identified themselves as ValleCastro true "creditor" although this development is in sharp contrast with the record as it remains as of this date.

PLAINTIFFS' MEMORANDUM IN OPPOSITION
- 2

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

2.4     In response to the Plaintiffs amended Complaint, the defendants filed a *motion to dismiss* ("motions") challenging the legal sufficiency of the Plaintiffs' notice pleadings under the FDCPA and CUTPA. As far as the Consumers can reasonable conclude, the defendants argue that -

- ◆ Neither GT, NBHT nor Kendrick are debt collector as defined by the FDCPA.
- ◆ Kendrick's verification ie. affidavit of indebtedness ("AoI") is both *sufficient* and neither misleading or deceptive. NBHT is not required to comply with the FDCPA because they never directly communicated with ValleCastro.
- ◆ *Unlicensed debt collection* activities must be enjoined with *a threat* so as to be actionable under the FDCPA.
- ◆ Plaintiffs neither stated a claim under the FDCPA and did not plead ascertainable losses under CUTPA accordingly the claim[s] should be dismissed.

2.4     The defendants' argument[s] appear to be factually inaccurate and legally misplaced. The defendant's rendition of the FDCPA seeks to enlist the Honorable Court in adopting a sweeping construction that redefines its basic language and more particularly has a debt collector and a creditor sleep in the same legal bed for the purpose of mutual benefit where no distinction could be meaningfully drawn between the two.[3]

### III. LEGAL STANDARD

3.1     **Rule 12(b)(6).** The function of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."[4] When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.[5] The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to

---

[3] *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85 (2nd Cir. 2008). The "Act is primarily a consumer protection statute, and we have consistently interpreted the statute with that congressional object in mind." See also *Cavallaro v. Law Offices of Shapiro & Kriesman*, 933 F. Supp. 1148 (E.D.N.Y. 1996). The FDCPA is a strict liability statute. Quotes *Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2nd Cir.* 1996); "[I]n the general context of consumer protection—of which the Fair Debt Collection Practices Act is a part—'it does not seem unfair to require that one who deliberately goes perilously chose to tan area of proscribed conduct shall take the risk that he may cross the line.'"
[4] *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984).
[5] *Hishon v. King*, 467 U.S. 69, 73 (1984).

PLAINTIFFS' MEMORANDUM IN OPPOSITION
- 3

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

raise a right to relief above the speculative level."[6] A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct.[7]

### IV. ARGUMENT

**4.1** **An FDCPA Claim.** "To make out a claim under the FDCPA, Plaintiff must show that (1) she has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA."[8]

**4.2** **A CUTPA Claim.** There are three criteria for determining whether an act or practice is "unfair" within the meaning of CUTPA: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors, or other businesspersons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three.[9]

**4.3** **The Defendants *motions* Do Not Argue** And Indeed The Plaintiffs' Appear To Allege Facts Sufficient To Plausibly Set Forth To Establish - the following:

**4.4** **Debt.** Is a consumer *debt* resulting from a consumer transaction as contemplated in the FDCPA. This is evidenced by the defendants claim dated August 22, 2013 where in TMM was seeking damages in favor of "GECRB" as, "holder of an instrument by which monies were loaned.".[10]

**4.5** **Consumer.** The defendants *motions* do not argue that ValleCastro is not a consumer though

---

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1944 (2009).
[8] *Carrington v. Chrysler Fin.*, No. 10-CV-1024 NGG VVP, 2010 WL 1371664, at *1 (E.D.N.Y. Apr. 6, 2010) (Garaufis, J.) (internal quotations and citations omitted).
[9] *Ventres v. Goodspeed Airport, LLC*, 275 Conn. 105, 154–55 (2005).
[10] Dkt. 62 Ex. E.

PLAINTIFFS' MEMORANDUM IN OPPOSITION
- 4

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

1  whom communications have been directly and/or indirectly advanced toward.  The Plaintiff's' appear to
2  allege facts sufficient to plausibly set forth to establish this prong.[11]

3  **4.6**     The *motions* argue that the defendants are not debt collectors, Plaintiffs failed to allege an
4
5  ascertainable loss and even if the defendants can be deemed debt collectors, *no violations* could plausibly
6  suggest a violation against any of the defendants under the FDCPA.

### A. THE DEFENDANTS APPEAR TO BE DEBT COLLECTORS

7
8  **4.7**     After analyzing the defendants *motion* the Consumers address the first item--the debt collectors.

9  **4.8**     Let's start with the relevant time line -
10

| Date | Event | |
|---|---|---|
| 01/26/12 | Charge Off Date [After "Default"] | *Amend. Compl. ¶5.3* |
| 08/22/12 | *Transfer* : Landmark Asset Acceptance Receivables Management ("LARM") LARM = "debt collector"; **GT = "Creditor"** | *Amend. Compl. Ex. C* |
| 05/13/13 | TMM's Dunn : GECRB = "Creditor"; GT = Debt Collector | *Amend. Compl. Ex. F* |
| 01/17/14 | *Transfer:* NBHT = "New Owner"; GT = Debt Collector | *Amend. Compl. Ex. H* |

15  **4.9**     <u>The alleged obligation has been transferred on 8/22/12. We can stop right there!!!</u> **All** alleged
16  transfers henceforward cannot not appear to satisfy the second prong of the term creditor at FDCPA
17  *§1692a(4)* nor the exemption to the contrary of "debt collector" under FDCPA *§1692a(6)(F)(iii)*!

18  **4.10**    The *motion* states, "*Nor is the Trust a "debt collector. Here, the debt is owed to the Trust and thus,*
19  *it is a creditor and can not be liable under the FDCPA. See 15 U.S.C § 1692a(4) (defining creditor as*
20  *"any...person to who a debt is owed.")*"[12]

21  **4.11**    Is it just the Consumers or did opposing counsel white out the remainder of the definition at
22  FDCPA *§1692a(4)*? However, **we can reasonable conclude from the defendants own self admission**
23  that for them "ownership" = "creditor". Accordingly, LARM informs ValleCastro that GT is the "creditor"
24  on August 22ⁿᵈ 2012.

---

[11]See generally *Amend. Compl.*
[12]*Dk.# 62 pg. 10*

PLAINTIFFS' MEMORANDUM IN OPPOSITION
- 5

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

**4.12     NBHT Status As Collector.** On 12/18/13 NBHT was alleged to receive an assignment/transfer after "default". The Plaintiff *notice* pleadings states, they allegedly acquired an obligation when in default for purposes of instituting collection; regularly engages in purchasing defaulted debt portfolios; Openly solicits account and/or social security numbers through their online/toll number correspondence that uses a mini-miranda warning.[13]

**4.13     GT's Status As Collector.** ValleCastro plead[14] that, "The principal purpose of GT is the collection alleged debts due to another... Regularly sends "servicer" collection communication(s)-monthly billing statements, etc., responsive, *as in the case at hand*, to purchased debts allegedly **acquired after default**."[15] (emphasis added) **There exist no debt to which GT is "servicing."** There capacity at times material is that of a what appears to be a debt buyer. Neither have they extended any credit to ValleCastro.

> *Commercial Service of Perry v. Fitzgerald*, 856 P.2d 58, 62 (Colo.App. 1993) ("[A] company which takes an assignment of a debt in default, and is a business the principal purpose of which is to collect debts, may be subject to the Act, even if the assignment is permanent and without any further rights in the assignor"). As long as the purchaser asserts that the debt was in default when acquired, the FDCPA applies, even if the assertion proves to be false. *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534 (7th Cir. 2003); *Bridge v. Ocwen Federal Bank, FSB*, 681 F.3d 355 (6th Cir. 2012).
>
> "The legislative history of section 1692a(6) [which defines 'debt collector'] indicates conclusively that a debt collector does not include . . . an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985), citing S. Rep. No. 95-382, 95th Cong., 1st Sess. 3, reprinted in 1977 USCCAN 1695, 1698. Conversely, the assignee of a debt which is in default at the time of the assignment is a "debt collector," if the assignee's principal purpose is the collection of debts, or the assignee regularly engages in the collection of debts. "For instance, a mortgage servicing company is not considered a debt collector when it acquires loans originated by others and not in default at the time acquired. However, to the extent the mortgage servicing company receives delinquent accounts for collection it is a debt collector with respect to those accounts." *Games v. Cavazos*, 737 F.Supp. 1368, 1384 (D.Del. 1990).

**4.14     Kendrick.** GT alleges that Kendrick is not a debt collector. Kendrick is an employee of a debt collector for the purposes of the FDCPA, because GT is a debt collector/buyer, and a debt buyer is a debt collector under the FDCPA.[16] The FDCPA's exclusion for an employee of a creditor does not apply since

---

[13] *Amend. Compl. ¶3.4e, -h*
[14] *Amend. Comp. ¶3.3d(g)*
[15] A company that regularly purchases delinquent debts is a "debt collector" within the meaning of the FDCPA with respect to the delinquent debts. *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534 (7th Cir. 2003); *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496 (7th Cir. 2008); *FTC v. Check Investors, Inc.*, 502 F.3d 159 (3rd Cir. 2007); *Pollice v. Nat'l Tax Funding*, 225 F.3d 379 (3rd Cir. 2000); *Ballard v. Equifax Check Services*, 27 F.Supp.2d 1201 (E.D. Cal. 1998); *Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480 (M.D.Ala. 1987); *Durkin v. Equifax Check Servs.*, 00 C 4832 , 2002 U.S. Dist. LEXIS 20742 (N.D.Ill., October 24, 2002); *Cirkot v. Diversified Systems*, 839 F.Supp. 941 (D.Conn. 1993); *Ruble v. Madison Capital, Inc.*, C-1-96-1693, 1998 U.S.Dist. LEXIS 4926 (N.D.Ohio 1998); *Holmes v. Telecredit Service Corp.*, 736 F.Supp. 1289, 1292 (D.Del. 1990); *Farber v. NP Funding II, LP*, 96 CV 4322, 1997 WL 913335, *3, 1997 U.S.Dist. LEXIS 21245 (E.D.N.Y. Dec. 9, 1997) ("those who are assigned a defaulted debt are not exempt from the FDCPA if their principal purpose is the collection of debts or if they regularly engage in debt collection");
[16] *Ruth v. Triumph Partnerships*, 577 F.3d 790, 797 (7th Cir. 2009) (the statute excludes from its definition of "creditor" those who acquire and seek to collect a "debt in default").

PLAINTIFFS' MEMORANDUM IN OPPOSITION
- 6

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

GT is a debt collector for the purpose of the FDCPA.[17] Although, LARM essentially alleges that GT bought the alleged obligation almost a year prior to his "affidavit", Kendrick seeks to salvage an exemption on an obligation as a "officer/agent" of GECRB.

**4.15**   The *§1692(a)(6)(A)* does not appear to apply. The clear language of this section excludes from most FDCPA requirements a creditor's *in-house* collectors who use the creditor's true business name.[18] While GT can attempt to claim they were an agent of GECRB they cannot live vicariously as such by designating an employee of their collection agency an "officer" of an "original lender".

**4.16**   These practices of signing affidavits of merit attesting to facts which are known to be false to then be utilized **in federal venues** appears to have been well documented although has still frustrated regulation authorities--the *Office of Mortgage Settlement Oversight*[19] and commonly reported in the public domain for the years at or about the time Kendrick's "affidavit" was utilized -

> "Green Tree's bad report card comes as regulators and lawmakers are scrutinizing non-bank servicers that have aggressively purchased mortgage servicing rights from banks...Green Tree failed eight tests conducted in the fourth quarter including failing to accurately state the amount due from borrowers in proofs of claims and affidavits filed in bankruptcy processing; inability to state whether loans were delinquent at the time a foreclosure was initiated; failing to provide borrowers with timely notification of a foreclosure; and refusing to waive fees, charges or expenses required by the settlement. Green Tree also failed to document its procedures to oversee third-party vendors. This report was on the heals of a 2012 settlement agreement. The settlement with federal regulators and 49 state attorneys general resulted from servicers' again, *robo-signing foreclosure documents* and other lapses, including failures to accurately state the total amounts due from borrowers in affidavits in bankruptcy proceedings"

**4.17**   If GT holds no restraint toward crossing the line in the face of a federal court, is it plausibly to suggest that they would direct other shameless acts toward the least sophisticated consumer? Nonetheless, it does not appear that GT can salvage an exemption based on purchase of an alleged obligation after it was in default then claim that an employee of its collection agency maintained an "officership" for the purpose of insulating themselves from liability.

---

[17] *Musso v. Seiders*, 194 F.R.D. 43 (D. Conn. 1999) (a senior employee, executive, or director of a collection agency may fall within the definition of "debt collector;" allegations that such an individual knew of and approved or ratified the unlawful activities stated a claim under the FDCPA against the defendant in his individual capacity).
[18] See S. Rep. No. 382, 95th Cong., 1st Sess. 3, at 3, reprinted in 1977 U.S.C.C.A.N. 1695. 1696.
[19] http://www.nationalmortgagenews.com/news/servicing/green-tree-servicing-fails-mortgage-settlement-tests-banks-pass-1041775-1.html (last visited March 5th 2015)

PLAINTIFFS' MEMORANDUM IN OPPOSITION
- 7

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

## B. ASCERTAINABLE LOSSES AND CUTPA – COUNT VII

**4.18** Discovery will show ascertainable loss (e.g. travel expenses, missed employment, litigation costs, etc.) The Consumers allege that a two campaigns are being advanced under the false pretense of a "creditor" GECRB. One of the actions resulted in a judicial lawsuit. The true party was GT in their capacity as a debt buyer. Accordingly, action taken or omitted in order to augment profit, as here, represents an enhanced degree of punishable culpability.[20]

**4.19** A collection practice that is undertaken to maximize the defendant's profit at the expense of the plaintiff's rights is immoral, unethical, oppressive or unscrupulous within CUTPA.[21] GT also appears to overlook not only the notice pleading nature of the complaint, but also the Court's obligation to grant whatever relief is appropriate even if it is not requested *Fed. R. Civ. P. 54(c)*. Indeed, it would appear that the FDCPA permits recovery under other statutes. *FDCPA § 1692n*.

## C. PLAINTIFFS FDCPA COUNTS

**4.20** **Count II and V - Kendrick's June 14th 2013 VoD.** For starters, Consumers maintain that GT was involved in initiating and/or participating in the collection actions taken by TMM evidenced by their employee Kendrick's AoI. While not denying Kendrick's employment, GT argues that Kendrick was working with TMM in the capacity of GECRB's "officer/agent". GECRB maintains that they have no interest in any the matters at hand. There appears to "factual" disputes. The Consumers appear to have sufficiently plead facts so as to give notice that the defendants VoD was insufficient, to the extent that it did not provide a **dated payment history**; deceptive to the extent that they falsely implied that some **authority** conferred by a **creditor** who was dully making payment demands; and is bolstered **in legal looking language.**

---

[20] *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 494, 128 S. Ct. 2605, 2622 (2008).
[21] *Votto v. American Car Rental, Inc.*, 273 Conn. 478, 484-85, 871 A.2d 981, 985 (2005).

PLAINTIFFS' MEMORANDUM IN OPPOSITION
- 8

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

4.20   **Legal Insufficiency.** Focusing squarely on Kendrick, his "affidavit" fails to disclose or otherwise contradicts information already on the record. It provides that -

    **a.** The "creditor" is GECRB. However, according to GT and LARM, per letter referencing a transfer a year earlier[22] leading Consumers to justifiably believe that the "creditor" would be GT his employer at the time he made the statement.[23]

> Re: Landmark Asset Receivables Management LLC ("Landmark")
> Account No.: 1001228050
> Creditor: Green Tree Servicing LLC
>
> Dear Valued Customer:
>
> Your above-referenced account was transferred from Green Tree Servicing LLC to Landmark on 08/22/2012. We are pleased to welcome you to Landmark.

    **b.** Verifies an account(s) #xx**6493** and/or #**766483** that appear to be non-existing nor could the Consumers determine its character or legal status.

    **c.** Does not provide a **dated payment history** so as to allow the Consumers to dispute "any portion" of the alleged obligation. In other words, either ValleCastro disputes all of it or none of it.

4.21   **The Sixth Circuit.** The Plaintiffs direct the Court's attention to a more recent decision in a sister circuit. Indeed, the Sixth Circuit has entered the discussion of what may sufficiently constitute verification – enter *Hadad*.[24]

4.22   On <u>July 16, 2014</u>, the United States Court of Appeals in the Sixth Circuit found, pursuant to the FDCPA *§1692(g)(b)*, that more expansive language better underscores the purpose of the statute.

4.23   The plaintiff, a condominium owner, brought action against the collector law firm, alleging violations of the FDCPA and Michigan Collection Practices Act. On behalf of condominium homeowner association ("HOA"), the collector attempted to collect unpaid HOA assessments/fines from the plaintiff.

---

[22] *Padilla v. Payco General American Credits, Inc.,* 161 F. Supp. 2D 264,273 (S.D.N.Y. 2001 (holding that the one year limitations period "is not intended to deprive plaintiffs of the use of evidence of violations that took place more than a year before filing, but rather to protect defendants by ensuring that the action is filed within one year of the most recent date on which the defendant is alleged to have violated the [FDCPA].")
[23] Amend. Compl. Ex.C
[24] *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC,* --- F. 3d --- (6th Cir. 2014), 2014 WL 3440174 (6th Cir. Mich. 2014), 2014 U.S. App. LEXIS 13498

PLAINTIFFS' MEMORANDUM IN OPPOSITION
- 9

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

The plaintiff disputed the debt pursuant to FDCPA *§ 1692g* and the collector provided him a recent copy of his HOA account ledger (the "POD"). The plaintiff contacted the collector again and disputed and requested more information regarding at least one line-item appearing on the account ledger. The collector responded a second time to the plaintiff and provided another account ledger evidencing the debt.

**4.24** The plaintiff argued the collector did not adequately verify the debt as required in *§ 1692g(b)*. The FDCPA does not specify what the process of "verification" requires. As a matter of first impression, the Sixth Circuit took on the question in *Haddad*. The Court found that the VoD information provided to Haddad was inadequate for the plaintiff to "sufficiently dispute the payment obligation." The court explained -

> "The Firm did not respond with any explanation such as a date or description of the nature of the charge. Instead, it filed a lien against Haddad's condominium; the lien encumbered Haddad's property rights for nine months. Because Haddad never received an accounting from the debt collector that showed why he was alleged to owe the original $50 charge, from which all subsequent late fees, fines, and attorney's fees flowed, he was unable to "sufficiently dispute the payment obligation." *Dunham*, 663 F.3d at 1004. Therefore, he was put to a choice. As he could not dispute the debt owed based on the information the Firm provided, he could either pay an amount he did not believe he owed or face the encumbrance of his property rights. Such verification cannot be enough under the FDCPA, a statute intended to protect consumers. The verification provision must be interpreted to provide the consumer with notice of *how and when* the *debt was originally incurred* or other sufficient notice from which the consumer could *sufficiently* dispute the payment obligation. This information does not have to be extensive. *It should provide the date and nature of the transaction that led to the debt*, such as a purchase on a particular date, a missed rental payment *for a specific month*, a fee for a particular service provided *at a specified time*, or a fine for a particular offense assessed on *a certain date*. Such a notice requirement has the advantage of providing a clear standard that courts are accustomed to enforcing and can apply easily. *Moreover, in today's world of computerized records management, it would not be a significant burden to debt collectors or creditors to provide such a record*. After all, that is precisely what the debt collector did in *Clark* in 2006, in *Mahon* and *Chaudhry*, both cases from 1999, and even in *Graziano*, a case from 1991." *Haddad v. Alexander, Zebnanski, Danner & Fioritto, PLLC*, (6th Cir.) (2014 citations omitted) (emphasis added)

**4.25** *Hadad* appears to advance the proposition that "any portion" can be disputed and/or re-disputed.[25] Kendrick can argue listed an amount on his "affidavit". However, he did not provide *dated payment history* so as to support an accounting based on an unfamiliar account.

    **d.** Kendrick used terms like "*declarant*", "*defendant*", "*plaintiff*", "*damages*" and "*deponent*"

---

[25] It worth noting that the TMM/Kendrick refused consumer's second and third request for "further" verification and instead filed suit.

PLAINTIFFS' MEMORANDUM IN OPPOSITION
- 10

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

which both caused ValleCastro to believe that a lawsuit was imminent although not being filed until September 9th 2013 almost three months latter.

**4.26    Count VI – NBHT Non-Responsiveness To VoD .** As an immediate matter, consumers appear to be able to dispute the debt at any time. Defendants argue that since the Consumers did not dispute in the 30 day time frame of *§1692g*, she cannot assert FDCPA claims. Even if this assertion was factually accurate, failure to dispute within the initial 30 day period provided in *§1692g* does not give a collector a free pass to engage in violations of other sections of the statute. It "merely allows the debt collector to proceed under what Judge O'Neill aptly describes as a 'temporary fiction' that the debt stated in the validation notice is true."[26]

**4.27**    The reason for this is simple: To accept NBHT's [and GT's] argument would "encourage debt collectors to arbitrarily send a written notice to any person falsely claiming that person owed a debt."[27] So long as the consumer makes no dispute within thirty days, "the debt collector may then institute a debt collection action repeating the same false representations without fear of FDCPA liability."[28] But immunizing unscrupulous debt collectors, while depriving consumers of a remedy, is hardly consistent with the FDCPA. Indeed, a consumer may make an oral *dispute of a debt at any time.*[29] (emphasis added)

**4.28**    On or about January 17th 2014 ValleCastro receives a notice of a transference of a debt identifying and/or presumably in favor of NBHT as the "new" owner. With instructions that GT is "still" the servicer and "is authorized to receive notices.[30]

**4.29**    On or about January 17th 2014, ValleCastro sends VoD to the "new" owner NBHT as instructed by and through GT. On or about February 3rd 2014 ValleCastro receives a payment request from NBHT by GT without verification.[31] The defendants appear to have a unique rendition of the facts that are already

---

[26] *Nelson v. Select Financial Services, Inc.*, 430 F. Supp. 2d 455, 457 (E.D. Pa. 2006).
[27] *Gigli v. Palisades Collection, L.L.C.*, 2008 WL 3853295, at *5-7 (M.D. Pa. Aug. 14, 2008).
[28] Id.
[29] *Grant-Fletcher v. Brachfeld Law Group, PC.*, 2012 WL 2523094 *3 (D. Md. June 28, 2012) ("Plaintiff's right to dispute her debt does not expire.").
[30] Note: ValleCastro never receives a 1692g(a) Notice although NBHT would be a debt collector by definition
[31] *Amend. Comp. ¶¶ Ex.M*

PLAINTIFFS' MEMORANDUM IN OPPOSITION
- 11

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

on the record.[32] I think it is not a stretch to plausible infer that a notification of a "new" owner by NBHT through GT qualifies as an "initial communication."

**4.30** It would appear that *§1692g(b)* provides a simple bright-line rule: If verification has been requested, **all collection activity must cease pending verification**. The rule is easy to understand and easy to follow. The collector must cease collection activities on the date it receives the request for verification,[33] and will be held liable if it continues to collect the debt until it provides an appropriate verification.[34]

**4.31** While section 1692g requires a collector to cease collection activities pending its verification of a debt after written request of the consumer disputing the alleged debt, it does not appear permissible for a collector to continue litigation proceedings--- *filing suit*, taking a default judgment, etc-- during it cessation period. [35]

**4.32** **Count II and IV – Assumption of Authority.** The Consumers appear to have sufficiently plead so as to give notice that the defendants appear to have violated state law under an assumption of authority by **utilizing names and locations** so as to frustrate public policy. Within the interim of the state action, defendants lacked requisite disclosure requirements.[36]

**4.33** Assumption of Authority. **The defendants either have the authority to engage the CT Judicial Court in their identified capacity/agency or they don't.**

**4.34** Nor where in the Kendrick's exhibits does he include anything remotely evidencing his so called "officer/agent" and squarely contravenes GECRB's position of non interest. His "affidavit" suggests that

---

[32] *Dkt. #62 pg12* (The defendants argue that, "Nowhere in the Complaint does ValleCastro allege that these disputes were sent within thirty (30) days of the receipt of an 'initial communication' from Green Tree or the Trust 'in connection with the collection of any debt'...Moreover, the January 17, 2013 letter from Green Tree notifying ValleCastro that the loan had been sold to the Trust did not seek to collect any debt and cannot, therefore, constitute an 'initial communication' that would trigger any obligation of the Trust to respond to a debt dispute under §1692g(b)." )

[33] See ***Dragon v. I.C. Sys., Inc.***, 483 F. Supp. 2D 198 (D. Conn. 2007); *Jefferies v. Dutton & Dutton, P.C.*, 2006 WL 1343629 (N.D. Ill. May 11, 2006); *United States v. Central Adjustment Bureau, Inc.*, 667 F. Supp. 370 (N.D. Tex. 1986), aff'd per curiam, 823 F.2d 880 (5th Cir. 1987)

[34] ***Gilmore v. Account Mgmt., Inc.***, 2009 WL 2848278 (N.D. Ga. Apr. 27 2009 ), rev,d on other grounds, 2009 WL 4826953 (11th Cir. Dec. 16, 2009)

[35] ***Forman v. Lauinger,*** 2007 WL 1580082 (D. Mont. May 31, 2007)

[36] Disclosure FDCPA §1692e(8) is not argues against in any of the defendant's *motions*.

PLAINTIFFS' MEMORANDUM IN OPPOSITION
- 12

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

it was furnished for a summary-judgment not for a verification. Nonetheless, it provided the basis by which a decision was made to move forward and file suit.

**4.35    Unlicensed Activities.** Agents submissions utilize locations and aliases [GT uses GECRB]; The communication threatened to effect consumers property by way of recording an "assignment". NBHT does not argue that they are not licensed to do business in Connecticut let alone collect debts.

**4.36    Count I - Three "Creditors", One Debt And Two Collection Campaigns.** At some point, it does not appear that the defendants can maintain the pretenses at the expense of judicial resources when the facts are clearly on the record. The defendants offer the Honorable Court no less then *three* legal bananas as to how each defendant either holds an exemption against FDCPA liability or haven't confused the Consumers with their contradicting communication.

| LARM's Notice | Kendrick's "Affidavit" | NBHT's Notice |
|---|---|---|
| 08/22/12 | 05/02/13 | 12/18/13 |
| GT = Creditor<br>LARM = Debt Collector | GECRB = Creditor<br>GT = Debt Collector | NBHT = Creditor<br>GT = Debt Collector |

**4.37**    Each of the parties ALL claim to be pursuing the same "debt". GT appears to argue that there is only one action *pending* in Superior Court by GECRB[37]. So how is that GT was the alleged creditor *before* Kendrick alleged that GECRB was the creditor. Six months *later*, that according to GT--Kendrick's employer, NBHT becomes the creditor on a debt still *pending* in CT Superior Court in favor of GECRB who has *now* become Synchrony Bank and is **not connected** to U.S. Bank who apparently is a trustee for a securitization pool in favor of NBHT on an alleged debt that, according to GT, that was charged off 3 years *before* it was alleged to be placed in a pool? Huh?

**4.38**    How is that GECRB "is seeking" money damages *only* in Court while NBHT is alleging to be holding a security interest that *was not* even plead for in the pending State Action?

---

[37]*Dkt. # 62 pg. 13* ("There is only one action pending in Superior Court in connection with ValleCastro's loan. That action was filed by GE, not Green Tree.")

PLAINTIFFS' MEMORANDUM IN OPPOSITION
- 13

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

**4.39**   Furthermore, it appears that GT is arguing somehow that vicariously through their employer Kendrick, they can maintain themselves an "agent of the original creditor" and effectively assign and/or enjoy this position in perpetuity! The Consumers know of no such authority that accommodates this self-described exemption in the FDCPA. The defendants' effort to somehow cabin an exemption through invocation so as to somehow circumvent the consumer-protection purposes of it here appears to fall wide of the mark.

## V. CONCLUSION

**5.1**   Plaintiffs respectfully request that the Court **DENY** the defendants *motions* and preserve Plaintiffs' concern over the trustworthiness of the supporting extrinsic materials and allow the Consumers to move forward on the merits. In the interest of justice if it is within the discretion of the Court and where Plaintiffs failed to state a claim because of the lack of legal training, allow leave to amend to correct pleadings if such amendments would not be futile. Along with such other relief that this Honorable Court may deem just, equitable and proper.

*[signature]*

PLAINTIFFS' MEMORANDUM IN OPPOSITION
- 14

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was provided by US Mail to Michael Carbone of the Law Offices of Zeldes, Needle and Cooper., P.C. at 1000 Lafayette Blvd., CT 06604 Suite 500 this 20th day of April 2015.

_____

I certify that a copy of the foregoing was provided by US Mail to Shawn Stephan Smith at 185 Asylum Street Hartford, CT this 20th day of April 2015..

_____

### NOTARY'S VERIFICATION

**STATE OF CONNECTICUT** §
**COUNTY OF HARTFORD** §

On this day personally came before me the above-named Affiant, who proved her identity to my satisfaction and she acknowledged her signature on this Affidavit in my presence and stated that she did so fully understanding that she was subject to the penalties of perjury.

_____

Witness my hand and official seal:

*Mautzp Braithwaite*
**NOTARY PUBLIC SIGNATURE**

My Commission Expires February 28, ~~2014~~ 2019
My commission expires _____        **NOTARY PUBLIC SEAL**

PLAINTIFFS' MEMORANDUM IN OPPOSITION
- 15

Nelson and Bruni Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com